UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-595-EHJ

ROMONA G. LEONARD                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                 DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Romona Leonard ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner must be affirmed.

PROCEDURAL HISTORY

On July 10, 2003 , Claimant filed application for Disability Insurance Benefits and Supplemental Security Income payments, alleging that she became disabled as of November 19, 2002. After a hearing, Administrative Law Judge Kimberlin ("ALJ") determined that her dysthymic disorder, lumbar facet disease and degenerative disc disease, status post lumbar diskectomy, history of right knee fracture, status post open reduction internal fixation, right knee osteoarthritis and obesity were severe impairments that prevented her from performing any of her past relevant work. However, the ALJ further found that she retained the residual functional capacity -- and had transferable skills – to perform a significant number of sedentary jobs.  This became the final

1

decision of the defendant Commissioner when the Appeals Council denied review on September 26, 2006 .

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to give the appropriate weight to the opinion of a treating physician. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

On February 17, 2006, Dr. Figa executed a Medical Source Statement of Ability to Do Work-Related Activities. He opined that Ms. Leonard could occasionally and frequently lift 25 pounds, but that she could stand or walk less than two hours in an 8-hour workday. He further stated that she needs to periodically alternate sitting and standing. He explained that these limitations resulted

from "failed back surgery in 1998," and were supported by an MRI showing degenerative disc disease in the lumbar spine. Tr. 312-313. In addition, he opined that she had some limitation in her ability to push and pull in her lower extremities, that she had limitations in her ability to reach, handle, and finger. He stated that "reaching, handling and fingering are limited with prolonged usage due to pull on back causing pain. Tr. 314. Finally, he said her capacity for work in temperature extremes, vibration, humidity, and work with machinery (apparently referring here to vibrating machinery) was limited because of her arthritis. Tr. 315.

In his opinion, the ALJ recognized that Dr. Figa was a treating physician. However, he accorded Dr. Figa's opinions less than controlling weight "because they are not consistent with the other evidence of record" and because "Dr. Figa is a family practitioner, not a specialist." Tr. 23.

Plaintiff points out that Dr. Figa is board certified in internal medicine, and that he relied in part on the reports provided him by a pain management specialist. The Court does not read the ALJ's "family practitioner, not a specialist" comment as belittling Dr. Figa's abilities; rather, he was simply noting that Dr. Figa does not specialize in the fields implicated by the identified limitations, e.g., orthopedics, spine surgery, etc.

Dr. Figa's report was not submitted until after the hearing. Thus, it is not surprising that the hypothetical questions posed to the vocational expert did not include a limitation on reaching, handling and fingering. Neither did the attorney pose any questions to address these matters. Of particular importance is the fact that the treatment notes that were available to the ALJ and the vocational expert at the hearing do not reflect any restriction on fingering, reaching and handling. Furthermore, plaintiff's testimony did not allude to such restrictions. She stated that sometimes "stretching's uncomfortable," but she did not preclude reaching overhead. Tr. 342. Thus, Dr. Figa's

post-hearing report was inconsistent with the other evidence of record (which included treatment notes and Ms. Leonard's own testimony). The Court finds no error in the treatment of Dr. Figa's opinion.

Claimant also asserts that the ALJ erred in evaluating the credibility of her testimony. A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. Walters v. Commissioner, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. Auer v. Secretary, 830 F.2d 594, 595 (6th Cir. 1987).

The ALJ did not fully credit Ms. Leonard's testimony because of medical evidence that treatment has helped relieve her symptoms, and because of her own testimony regarding her daily activities, testimony that the ALJ believed was inconsistent with the extreme limitations she claims. He noted that she drives several times each week, that she teaches Sunday School and attends church. The ALJ also discussed her previous work attempts after the date of onset; he noted that the job she performed in 2003 required her to be on her feet. At the hearing, Ms. Leonard testified that she could be on her feet for an hour and a half at a time. Tr. 341. She could sit for 45 minutes before needing to stand up. Tr. 346. She testified to a need to lie down for several hours a day, but such a limitation does not appear in any medical evidence. She testified that she can do her housework, although she must take breaks from chores like vacuuming, sweeping and mopping. Tr. 349. In view of the great deference owed to the ALJ's credibility determination and the identification of reasons for not fully crediting her testimony, the Court finds no error.

An order in conformity has this day entered.